1   Jeremy S. Golden (SBN 228007)
2   Law Offices of Eric F. Fagan
3   2300 Boswell Rd.  Suite 211
    Chula Vista, CA  91914
4   jeremy@efaganlaw.com
    Phone: 619-656-6656 Fax: 775-898-5471
5   Attorney for Plaintiffs

6

7

8               UNITED STATES DISTRICT COURT
9            SOUTHERN  DISTRICT OF CALIFORNIA

10

11  INGA-LENA PUTTNER, an              )  Case No.:  3:09-cv-00123-WQH-NLS
    individual, and DAN DALTON, an     )
12  individual,                        )  **FIRST AMENDED COMPLAINT AND**
                                       )  **DEMAND FORJURY TRIAL (Unlawful**
13                                     )  **Debt Collection Practices)**
14              Plaintiffs             )
                                       )
15  v.                                 )
                                       )
16                                     )
    DEBT CONSULTANTS OF                )
17  AMERICA; UNITED COLLECTION         )
    BUREAU, INC.; CLIENT SERVICES,     )
18  INC.;  FIRST PLATINUM              )
    CORPORATION; and OMNI CREDIT       )
19  SERVICES OF FLORIDA, INC.; and;    )
20  and DOES 1 through 10 inclusive,   )
                                       )
21                                     )
22              Defendants.            )
                                       )
23                                     )
                                       )
24  _____  )

25

26  //
27  //
28  //

# I.  INTRODUCTION

1.  This is an action for damages brought by individual consumers against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"); the California Rosenthal Act, Civil Code §1788 *et seq.* ( "Rosenthal Act")  both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for violations of the Credit Repair Organization Act, 15 U.S.C. §1679 *et seq.* ("CROA") California Credit Services Act, Civil Code §1789.10 *et seq.* ("CSA"), both of which regulate the conduct of credit repair organizations; the TCPA and common law torts.

# II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims and the TCPA claim pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here.

# III.  VENUE

3.  Plaintiff INGA-LENA PUTTNER, is a natural person residing in the state of California.

4.  Plaintiff DAN DALTON, is a natural person residing in the state of California.

5.  Defendant DEBT CONSULTANTS OF AMERICA is a corporation doing business of collecting debts in California operating from an address at 8140 Walnut Hill Lane, Suite 603, Dallas, TX 75231.

6.  Defendant UNITED COLLECTION BUREAU, INC. ("UCB") is a corporation doing business of collecting debts in California operating from an address at 5620 Southwyck Blvd., Toledo, OH 43614.

7.  Defendant CLIENT SERVICES, INC. is a corporation doing business of collecting debts in California operating from an address at 3451 Harry Truman Blvd., St. Charles, MO 63301.

8.   Defendant FIRST PLATINUM CORPORATION ("FIRST PLATINUM") is a corporation doing business of collecting debts in California operating from an address at PO Box 376, Buffalo, NY 14207.

9.   Defendant OMNI CREDIT SERVICES ("OMNI") is a corporation doing business of collecting debts in California operating from an address at 333 Bishops Way Suite 100, Brookfield, WI 53005.

10.   Defendants are engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

11.   Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

12.   Defendant DEBT CONSULTANTS is a for profit organization which, at the request of consumers performs consumer credit counseling and assists consumers in liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors.

13.   Defendant DEBT CONSULTANTS is a "credit repair organization" as defined by the CROA, 15 U.S.C. §1679a(3), and by the California Credit Services Act, California Civil Code 1789.12(a).

14.   The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

names.

15.   Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

16.   The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

17.   Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

18.   The purported debt which Defendants attempted to collect from Plaintiffs was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

19.   PUTTNER is a "consumer" as defined by the CROA, 15 U.S.C. 1679a(1).

20.   PUTTNER is a "buyer" as defined by the California Credit Services Act, California Civil Code 1789.12(c).

## IV.  FACTUAL ALLEGATIONS
### *DEBT CONSULTANTS*

21.   In July 2007, PUTTNER heard a radio commercial from DEBT CONSULTANTS advertising their success in helping consumers become debt fee.

22.   At the time PUTTNER heard the commercial her credit accounts were in good standing.

23.   However, due to the cost of living associated with her graduate studies at Purdue University, PUTTNER had significant balances on many of her accounts and she struggled to make the minimum monthly payment.

24.   The interest rates on PUTTNER's accounts were increasing and the debts were becoming increasingly more difficult to manage

25.   PUTTNER therefore decided to contact DEBT CONSULTANTS before she defaulted on her accounts to manage the spiraling balances.

26.   PUTTNER approached DEBT CONSULTANTS as she believed they would provide an honorable, responsible and effective manner in which to manage her debt.

27.   PUTTNER spoke with Omari Smith, an agent and employee of DEBT CONSULTANTS, who promised that PUTTNER would be debt free "within a couple of years."

28.   Omari also promised that PUTTNER would not have to pay the additional interest that would ordinarily accumulate on her accounts.

29.   Omari stated that Plaintiff's credit would not be damaged because DEBT CONSULTANTS would completely pay off all accounts at reduced balances.

30.   Within days, DEBT CONSULTANTS sent an orientation packet to PUTTNER.

31.   In the packet DEBT CONSULTANTS falsely represented that it would eliminate Puttner's outstanding debt.

32.   In the packet DEBT CONSULTANTS falsely represented that PUTTNER's accounts would be reported as settled-in-full or paid.

33.   DEBT CONSULTANTS also advised PUTTNER that she should stop communicating with her creditors.

34.   PUTTNER followed DEBT CONSULTANTS' advice and stopped paying on her accounts and stopped communicating with her creditors.

35.   PUTTNER paid an estimated $3,935.00 to DEBT CONSULTANTS for their services.

36.   DEBT CONSULTANTS did not settle any of PUTTNER's accounts and performed no services of benefit to PUTTNER.

37.   Eventually as PUTTNER's accounts went into default the other defendants began calling to collect PUTTNER'S debts.

### *UCB*

38.   Over the course of approximately nine months UCB called both Plaintiffs in an attempt to collect a debt with such frequency and persistence as to constitute harassment.

39.   On occasion, UCB called PUTTNER multiple times a day.

40.   UCB called the parents of both plaintiffs parents and did not state they were

calling to confirm or correct location information.

41.   Instead, UCB disclosed details regarding PUTTNER's debt to each set of parents.

42.   UCB attempted to induce DALTON'S parents to settle PUTTNER'S debt.

43.   UCB called PUTTNER's neighbor and disclosed details regarding PUTTNER's debt.

44.   UCB falsely threatened to take legal action on the account against PUTTNER.

45.   UCB frequently demanded immediate return phone calls and created a false sense of urgency.

46.   UCB did not disclose that it was a debt collector in each communication.

47.   UCB did not provide meaningful disclose of its identity in each communication.

### *CLIENT SERVICES*

48.   CLIENT SERVICES called both Plaintiffs with such frequency and persistence as to constitute harassment in an attempt to collect a debt.

49.   CLIENT SERVICES called the parents of both plaintiffs parents and did not state they  were calling to confirm or correct location information

50.  CLIENT SERVICES called the Plaintiff's parents more than one time.

51.   CLIENT SERVICES disclosed details regarding PUTTNER's debt to each set of parents.

52.   CLIENT SERVICES did not disclose that it was a debt collector in each communication.

53.   CLIENT SERVICES did not provide meaningful disclose of its' identity in each communication.

### *FIRST PLATINUM*

54.   Over the course of approximately nine months FIRST PALTINUM  called both Plaintiffs in an attempt to collect a debt with such frequency and persistence as to constitute harassment.

6

55.   FIRST PLATINUM called PUTTNER's parents and did not state they are calling to confirm or correct location information.

56.   FIRST PLATINUM called PUTTNER's parents more than one time.

57.   On occasion, FIRST PLATINUM called PUTTNER's parents multiple times a day on successive days.

58.   FIRST PLATINUM told PUTTNER's mother that she must not care about her daughter if she did not take some type of action or words to that effect.

59.   FIRST PLATINUM left a message for PUTTNER's mother stating that it involved a very, very serious matter with PUTTNER.

60.   FIRST PLATINUM disclosed details regarding PUTTNER's debt to a third party.

61.   FIRST PLATINUM did not disclose that it was a debt collector in each communication.

62.   FIRST PLATINUM did not provide meaningful disclosure of its' identity in each communication.

63.   FIRST PLATINUM threatened to call PUTTNER's school.

64.   FIRST PLATINUM demanded a formal statement from PUTTNER immediately.

65.   FIRST PLATINUM referred to a claim and their client and gave the false impression that a legal action had been filed against PUTTNER.

66.   FIRST PLATINUM contacted Plaintiff after it knew Plaintiff had retained an attorney.

### *OMNI*

67.   OMNI called both Plaintiffs in an attempt to collect a debt with such frequency and persistence as to constitute harassment.

68.   OMNI did not disclose that it was a debt collector in each communication.

69.   OMNI did not provide meaningful disclose of its' identity in each

communication.

### *DAMAGES*

70.  As a result of Defendant's actions, PUTTNER

    a.    suffered nausea, sickness, tension, headaches, migraines, nervousness, trouble breathing, anxiety, worry, unhappiness, difficulty sleeping, nightmares, crying jags, loss of appetite, loss of interest in work, loss of interest in life, instability, loss of concentration, irritability, skin eruptions, humiliation, and severe stress;

    b.     spent days in bed and had complete breakdowns where she refused to see even her close friends;

    c.    felt suicidal, dropped out of school and lost all confidence and feelings of self-worth;

    d.    was forced to visit doctors, psychiatrists, and obtain treatment in urgent care for cellulites; and

    e.    was forced to purchase over-the-counter and prescription medicine.

71.  As a result of Defendants' actions, DALTON

    a.  suffered nausea, sickness, tension, headaches, nervousness, fear, worry, unhappiness, difficultly sleeping, nightmares, loss of interest in work, instability, inability to concentrate, shortness of breath, skin eruptions, muscle spasms, loss of weight, humiliation, severe stress, and elevated blood pressure;

    b.  was forced to purchase medication; and

    c.  lost business opportunities due to inaccessible telephone lines.

72.  The acts complained of above are part of a pattern and practice of harassment By Defendants.

//

//

## V.  FIRST CLAIM FOR RELIEF

### (By Plaintiffs against All Defendants for Violation of the FDCPA)

73.  Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

74.  Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a)  The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

(b)  The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

(c)  The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiff and contacting that person more than once;

(d)  The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney.

(e)  The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

(f)  The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(g)  The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(h)  The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the

collection of the Debt;

 (i) The Defendants violated 15 U.S.C. §1692d(6) by placing telephone calls without disclose their identity;

 (j) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

 (k) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

 (l) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

 (m) The Defendants violated 15 U.S.C. §1692e(11) by failing to indicate that all communications were from a debt collector;

 (n) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

81. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (**By Plaintiffs Against all Defendants for Violation of the Rosenthal Act**)

75. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

76. Defendants violated the Rosenthal Act, by including but not limited to, the following:

 (a) The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity;

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

(b)     The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(c)     The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(d)     The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

(e)     The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

(f)     The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

83.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

84.    As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

85.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII. THIRD CLAIM FOR RELIEF

**(By Plaintiffs against Defendants UCB, CLIENT SERVICES, FIRST PLATIUM AND OMNI for Invasion of Privacy:**

**Intrusion Into Private Affairs And Public Disclosure of Private Facts)**

86.    Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

87.    Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion,

and private concerns and affairs.

88.   Defendants willfully and intentionally intruded into Plaintiffs' solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

89.   Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs.

90.   As a result of such invasions of privacy, Plaintiff was harmed  and caused great mental and physical pain.

91.   Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

## VIII.  FOURTH CLAIM FOR RELIEF

**(By PUTTNER against Defendant DEBT CONSULTANTS for Violation of the CROA)**

92.   Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

93.   Defendant violated the CROA.  Defendant's violations include, but are not limited to, the following:

(a)   The Defendants violated 15 U.S.C. § 1679b(a)(3) by making untrue or misleading representations of the services of Defendants;

(b)   The Defendants violated 15 U.S.C. § 1679b(a)(4) by engaging in an act, practice, or course of business that constituted or resulted in the commission of a fraud or deception on Plaintiff;

(c)   The Defendants violated 15 U.S.C. § 1679b(b) by charging and receiving money from Plaintiff for the performance of services which Defendants had agreed to perform for Plaintiff before such serviced were fully performed;

(d)   The Defendants violated 15 U.S.C. §1679c for failing to provide the proper disclosure to Plaintiff;

(e)     The Defendants violated 15 U.S.C. § 1679d(a) by failing to obtain a written contract signed by Plaintiff that met the requirements of 15 U.S.C. § 1679d(b);

(f)     The Defendants violated 15 U.S.C. § 1679d(b) by failing to obtain a written contract signed by plaintiff that included the terms and conditions of payment and a full and detailed description of the services to be performed;

(g)     The Defendants violated 15 U.S.C. § 1679e(c) by failing to provide Plaintiff with a complete copy of the contract;

94.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

95.     As a result of the above violations of the CROA, Defendants are liable to Plaintiff for Plaintiff's actual damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. §1679g.

96.    As a result of the above violations of the CROA, Defendants' contract shall be treated as void and may not be enforced by any Federal or State court or any other person pursuant to 15 U.S.C. §1679f.

## IX.   FIFTH CLAIM FOR RELIEF
### (By PUTTNER Against DEBT CONSULTANTS for
### Violation of the California Credit Services Act)

97.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

98.    Defendants violated the California Credit Services Act, by including but not limited to, the following:

(a)     The Defendants violated California Civil Code §1789.13(a) by charging and receiving money prior to full and complete performance of the

1    services Defendants had agreed to perform for Plaintiff;

2    (b)    The Defendants violated California Civil Code §1789.13(b) by failing to

3           perform the agreed services within six months following the date Plaintiff

4           signed the contract for services;

5    (c)    The Defendants violated California Civil Code §1789.13(g) by making

6           untrue and misleading representations, including by guaranteeing or

7           otherwise stating that Defendants were able to delete an adverse credit

8           history;

9    (d)    The Defendants violated California Civil Code §1789.13(h) by engaging

10          in an act, practice, or course of business which operated as a fraud or

11          deception upon Plaintiff;

12   (e)    The Defendants violated California Civil Code §1789.13(i) by failing to

13          maintain an agent for service of process in this state.

14   (f)    The Defendants violated California Civil Code §1789.14 by failing to

15          provide Plaintiff with a statement in writing, containing all the

16          information required by California Civil Code §1789.15, including failing

17          to include a complete and detailed description of the services to be

18          performed by Defendants, Plaintiff's right to proceed against the bond, the

19          name and address of Defendants' surety company, and a complete and

20          accurate statement of the availability of nonprofit credit counseling

21          services;

22   (g)    The Defendants violated California Civil Code §1789.16 by failing to

23          obtain a written contract signed by plaintiff that included the terms and

24          conditions of payment, a full and detailed description of the services to be

25          performed, and a completed form in duplicate, captioned "Notice of

26          Cancellation" and which advised Plaintiff of how to invoke his

27          cancellation rights;

28   (h)    The Defendants violated California Civil Code §1789.16 by failing to

14
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

provide Plaintiff with a copy of the fully completed contract;

     (i)   The Defendants violated California Civil Code §1789.17 by breaching their contract with Plaintiff;

99.   As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

100.   Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, punitive damages, and attorney's fees and costs pursuant to California Civil Code §1789.21.

## X.    SIXTH CLAIM FOR RELIEF

### (By PUTTNER Against DEBT CONSULTANTS for Negligence)

101.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

102.   The foregoing acts and omissions created a duty between Plaintiff and Defendant in that Defendant was acting on behalf of Plaintiff for the purposes of dealing with Plaintiff's debts.

103.   Defendant failed to act as a reasonably careful "debt negotiator" would act under the same or similar circumstances.

104.   As a result of this failure Plaintiffs were harmed.

105.   The conduct of Defendant was a substantial factor in causing Plaintiff's harm.

106.   As a result of this common law tort, Plaintiff is entitled to damages in an amount to be proven at trial.

## VII. SEVENTH CLAIM FOR RELIEF

### (By Plaintiffs against Defendants UCB, CLIENT SERVICES, FIRST PLATIUM AND OMNI for Violation of the TCPA)

107.  Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

108.   Defendants improperly invaded the privacy rights of Plaintiffs and violated the TCPA by the above-described actions.  Defendants' violations include, but are not limited to, the following:

     a)   By repeatedly making calls using an automatic telephone dialing system, and by transmitting prerecorded or artificial messages, to the Plaintiffs' cell phones using an automated telephone dialing system without Plaintiffs' express consent, Defendants violated 47 U.S.C. §227(b)(1)(A)(iii); and

     b)   By repeatedly making calls, and by transmitting prerecorded or artificial messages, to the Plaintiffs' residence using an automated telephone dialing system without Plaintiffs' express consent, Defendants violated 47 U.S.C. §227(b)(1)(B).

109.   As a result of the above violations of the TCPA, Defendant is liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the TCPA, Plaintiffs' actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against: Defendant DEBT CONSULTANTS for:

     (a)   Actual damages;

     (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

     (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1692k and 1679h(a)(2) and California Civil Code §1788.30(b) and §1788.30(c) and §1789.21 and

     (d)   For punitive damages pursuant to 15 U.S.C. §1679h(a)(2) and Cal. Civ. Code §1789.21 and common counts;

     (e)   Rescission on any contract between PUTTNER and DEBT SETTLEMENT with any monies paid to DEBT SETTLEMENT by PUTTNER returned pursuant to 15 U.S.C. §1679g(c);

1          (f)    For such other and further relief as the Court may deem just and proper.

2

3   And against Defendants UCB, CLIENT SERVICES, FIRST PLATINUM, OMNI, and each

4   of them for:

5          (a)   Actual damages;

6          (b)   Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code

7                §1788.30(a);

8          (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1692k and

9                1679h(a)(2) and California Civil Code §1788.30(b) and §1788.30(c)l

10         (d)   $500 per automated phone call as alleged above, and an additional $1500

11               per call;

12         (d)   For punitive damages pursuant to common counts;

13         (e)   For such other and further relief as the Court may deem just and proper.

14

15   Date: 2/23/09

16

17                        ____/S/ Jeremy S. Golden_____

                       Jeremy S. Golden,

18                        Attorney for Plaintiffs

19

20

21                     **DEMAND FOR JURY TRIAL**

22      Please take notice that Plaintiff demands trial by jury in this action.

23

24

25   Date: 2/23/09

26                        ____/S/ Jeremy S. Golden_____

27                        Jeremy S. Golden,

                       Attorney for Plaintiffs

28