UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGA-LENA PUTTNER, an individual, and DAN DALTON, an individual,<br><br>                              Plaintiffs,<br>     vs.<br>DEBT CONSULTANTS OF AMERICA, et al.,<br><br>                              Defendants. | CASE NO. 09cv123 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (Doc. # 14) filed by Defendant Client Services, Inc.

## **Background**

On January 22, 2009, Plaintiffs initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges claims against Defendants Debt Consultants of America ("Debt Consultants"); United Collection Bureau, Inc. ("UCB"); Client Services, Inc. ("Client Services"); Frederick J Hanna & Associates, P.C. ("Hanna"); First Platinum Corporation ("Platinum"); and Omni Credit Services of Florida, Inc. ("Omni").[1]

The Complaint alleges that in July 2007, Puttner heard a radio commercial from Debt Consultants advertising their success in helping consumers become debt free. The Complaint

---

[1] On February 9, 2009, Hanna was dismissed from the action (Doc. # 3) and on March 26, 2009, Debt Consultants was dismissed from the action (Doc. # 15) pursuant to the parties' notices of voluntary dismissal.

1  alleges that the interest rates on Puttner's accounts, which at the time were in good standing,
2  were increasing and becoming more difficult to manage.  The Complaint alleges that Puttner
3  contacted Debt Consultants "before she defaulted on her accounts to manage the spiraling
4  balances."  *Complaint,* ¶ 26.  The Complaint alleges that a representative of Debt Consultants
5  represented to Puttner that she would be debt free within a couple of years; that she would not
6  have to pay the additional interest that would ordinarily accumulate on her accounts; and that
7  her credit would not be damaged.  The Complaint alleges that Debt Consultants sent Puttner
8  an orientation package that falsely represented that it would eliminate Puttner's outstanding
9  debt and that Puttner's accounts would be reported as settled-in-full or paid.  The Complaint
10 alleges that debt consultants advised Puttner to stop communicating with her creditors.

11       The Complaint alleges that Puttner paid Debt Consultants approximately $3,935.00 for
12 their services.  The Complaint alleges that Puttner "followed Debt Consultants' advice and
13 stopped paying her accounts and stopped communicating with her creditors."  *Id.,* ¶ 35.  The
14 Complaint alleges that Debt Consultants did not settle any of Puttner's accounts and performed
15 no services of benefit to Puttner.  The Complaint alleges that "[e]ventually as Puttner's
16 accounts went into default the other defendants began calling to collect Puttner's debts."  *Id.,*
17 ¶ 38.

18       The Complaint alleges that Client Services is "a corporation doing business of
19 collecting debts in California."  *Id.,* ¶ 7.  The Complaint alleges that Client Services "called
20 both Plaintiffs with such frequency and persistence as to constitute harassment in an attempt
21 to collect a debt;" "called the parents of both plaintiffs [] and did not state they were calling
22 to confirm or correct location information;" "called the Plaintiffs' parents more than one time;"
23 "disclosed details regarding Puttner's debt to each set of parents;" "did not disclose that it was
24 a debt collector in each communication;" and "did not provide meaningful disclose of its
25 identity in each communication."  *Id.,* ¶¶ 49-54.

26       The Complaint alleges the following causes of action: (1) violation of the Fair Debt
27 Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692, *et seq.*, against all Defendants;
28 (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code

1  section 1788, *et seq.,* against all Defendants; (3) invasion of privacy against Defendants UCB, Client Services, Hanna, Platinum and Omni; (4) violation of the Credit Repair Organization Act, 15 U.S.C. section 1679, *et seq.* against Defendant Debt Consultants; (5) violation of the California Credit Services Act, Cal. Civ. Code section 1789.10, *et seq.*, against Defendant Debt Consultants; and (6) negligence against Defendant Debt Consultants.  The Complaint requests actual damages, statutory damages pursuant to 15 U.S.C. section 1692(k) and California Civil Code section 1788.30(a), costs and attorney's fees, and punitive damages.

In support of the first cause of action, the Complaint alleges that "Plaintiffs are 'consumers'" and "Defendants 'are debt collectors' as defined by the FDCPA." *Id.,* ¶¶ 12, 16. The Complaint alleges that "[t]he purported debt that Defendants attempted to collect from Plaintiffs was a 'debt' as defined by the FDCPA." *Id.,* ¶ 17.  The Complaint alleges that Defendants violated the FDCPA by "contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;" by "communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;" by "communicating with persons other than the Plaintiff and contacting that person more than once;" by "communicating with a third person in connection with the collection of a debt;" by "engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;" by "causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;" by "placing telephone calls without disclose of their identity;" by "using false, deceptive, and misleading representations or means in connection with the collection of a debt;" by "threatening to take action that could not legally be taken or that was not intended to be taken;" by "using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;" by "failing to indicate that all communications were from a debt collector;" and by "using unfair or unconscionable means to collect or attempt to collect a debt." *Id,* ¶ 80.

In support of the second cause of action, the Complaint alleges that "Plaintiffs are 'debtors'" and that "Defendants are 'debt collectors' as defined by the [RFDCPA]." *Id.*, ¶ 18. The Complaint alleges that "[t]he purported debt which Defendants attempted to collect from Plaintiffs was a 'consumer debt' as defined by the . . . [RFDCPA]." *Id.,* ¶¶ 12, 19. The Complaint alleges that Defendants violated the RFDCPA by "placing telephone calls without disclosure of the caller's identity;" by "causing a telephone to ring repeatedly or continuously to annoy the person called;" by "communicating with the Plaintiff with such frequency as to be unreasonable and to constitute a[] harassment to the Plaintiff under the circumstances;" by "communicating information regarding a consumer debt to a member of the Plaintiff's family;" by "falsely representing that a legal proceeding has been, or about to be, or will be instituted unless payment of a consumer debt is made;" and "by failing to comply with the FDCPA as alleged above." *Id,* ¶ 82.

In support of the third cause of action, the Complaint alleges that "Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion and private concerns and affairs." *Id.,* ¶ 87. The Complaint alleges that Defendants UCD, Client Services, Hanna, Platinum and Omni "willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt;" that the "intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs;" and that "[a]s a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain." *Id.,* ¶¶ 88-90.

On March 24, 2009, Client Services filed the Motion to Dismiss. Client Services asserts that the Complaint fails to state a claim against Client Services for violation of the FDCPA, violation of the RFDCPA, and for invasion of privacy, and moves to dismiss the Complaint as to Client Services pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 16, 2009, Plaintiffs filed the Opposition to the Motion to Dismiss (Doc. # 20). On April 24, 2009, Client Services filed the Reply (Doc. # 23).

## Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

## Analysis

A.  Causes of Action for Violation of the FDCPA and the RFDCPA

Client Services contends that the Complaint "identif[ies] no particular call, or an approximation of how many calls were made, over what period of time, or what made such calls frequent and persistent." *Mot. to Dismiss,* p. 6 (internal quotations omitted). Aside from "conclusory, fact-deficient allegation[s]," Client Services contends that the Complaint fails to allege that Client Services engaged in conduct that falls within the meaning of "harassment" under the FDCPA. *Id.* Client Services contends that "as with their FDCPA claim, Plaintiffs[] fail to specify when any calls were made, to whom, and what was said, so as to render any such alleged calls actionable under the [RFDCPA]." *Id.* at 8. Client Services therefore contends that the Complaint fails to state a claim against Client Services for violation of the FDCPA or the RFDCPA.

Plaintiffs contend that foundational facts need not be pled with particularity in order to state a claim under the FDCPA or the RFDCPA. Plaintiffs contend that the Complaint alleges sufficient facts to support claims for violation of the FDCPA and the RFDCPA through allegations that Client Services is a "debt collector" that was attempting to collect a consumer

1  "debt" within the meaning of the FDCPA and RFDCPA. *Opposition,* p. 4. Plaintiffs contend
2  that "six paragraphs describe Client Services' conduct that violated the law," which allege
3  sufficient facts to state a claim under the FDCPA and the RFDCPA. *Id.*

                *i.*      FDCPA

The FDCPA provides that "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall," among other things, identify himself; state that he is confirming the location of the consumer; not state that the consumer owes any debt; and not communicate with that person more than once unless requested to do so by such person. 15 U.S.C. § 1692b. The FDCPA provides that "[e]xcept as provided in [section 1692b], without the prior consent of the consumer . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *Id.* § 1692c(b). The FDCPA prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt." *Id.* § 1692d. Conduct prohibited by section 1692d includes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;" and "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(5), (6). The FDCPA also prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," § 1692e, and from using "unfair or unconscionable means to collect or attempt to collect any debt," § 1692f.

The Complaint alleges that Client Services called the parents of both Plaintiffs more than one time; that Client Services disclosed details regarding Puttner's debt to each set of parents; and that Client Services "did not state that they were calling to confirm or correct location information." *Complaint,* ¶¶ 50-52. The Complaint alleges that Client Services called both Plaintiffs "with such frequency and persistence as to constitute harassment in an

attempt to collect a debt." *Id,* ¶ 49. The Complaint alleges that Client Services "did not disclose that it was a debt collector in each communication" with Plaintiffs and their parents, or "provide meaningful disclose of its[] identity in each communication." *Id.,* ¶¶ 53-54. Viewing the allegations in the light most favorable to the Plaintiffs, the Court finds that the Complaint alleges sufficient facts to support a claim for violation of the FDCPA. For example, the Complaint alleges that Client Services did not disclose its identity in its communications with the Plaintiffs or their parents, which is expressly prohibited by 15 U.S.C. sections 1692c, 1692d and 1692e. The Complaint also alleges that Client Services violated sections 1692b and 1692c by communicating with Plaintiffs' parents without stating that they were calling to confirm or correct location information. The Complaint does not provide detail with respect to the content or frequency of the allegedly harassing communications made by Client Services. However, the Court finds that this lack of detail does not warrant dismissal of the FDCPA claim because the Complaint adequately alleges violations of several express provisions of the FDCPA, and in light of the liberal pleading standard articulated in Rule 8 of the Federal Rules of Civil Procedure. The Court concludes that the Complaint alleges sufficient facts to state a claim for violation of the FDCPA.

        *ii.*     RFDCPA

The RFDCPA provides that "[n]o debt collector shall collect or attempt to collect a consumer debt" by "[p]lacing telephone calls without disclosure of the caller's identity;" "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called;" or "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances." Cal. Civ. Code § 1788.11(b), (d), (e). The RFDCPA prohibits a debt collector from "[c]ommunicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian . . . except where the purpose of the communication is to locate the debtor." *Id.,* § 1788.12(b). The RFDCPA prohibits a debt collector from making false representations in collecting or attempting to collect a debt. *Id.,*

1  § 1788.13.

2  The factual allegations underlying the claim against Client Services for violation of the FRDCPA and RFDCPA are the same. *See Complaint,* ¶¶ 49-52. As previously discussed, the Complaint alleges that Client Services communicated with Plaintiffs' parents without stating they were calling to confirm or correct location information, which is prohibited by sections 1788.11 and 1788.12 of the California Civil Code. The Complaint alleges that Client Services did not disclose its identity in its communications with Plaintiffs and their parents, which is prohibited by section 1788.11. Viewing the allegations in the light most favorable to the Plaintiffs, the Court concludes that the Complaint states a claim for violation of the RFDCPA.

10  C.  Cause of Action for Invasion of Privacy

11  Client Services contends that "Plaintiffs have alleged no extreme or outrageous conduct by Client Services that rises to the level of a 'serious invasion' or of particular 'offensiveness' as is required to support an invasion of privacy claim." *Mot. to Dismiss,* p. 10.

14  Plaintiffs contend that the Complaint states a claim for invasion of privacy through allegations that "Plaintiffs were subjected to repeated and continuous calls by Client Services;" and "[p]rivate information was disclosed to third parties." *Opposition,* p. 5.

17  To state a claim for invasion of privacy, the plaintiff must allege: "(1) identification of a specific, legally protected privacy interest; (2) a reasonable expectation of privacy; and (3) conduct by defendant constituting a serious invasion of privacy." *Dept. of Fair Employment and Housing v. Superior Court,* 99 Cal. App. 4th 896, 902 (2002). "Authorities have generally recognized that a creditor or his collection agent has a limited right to reveal to others the existence of a debtor's obligation in order to collect a debt." *Timperley v. Chase Collection Service,* 272 Cal. App. 2d 697, 699 (1969). This limited right does not permit a creditor to use "excessively oppressive means of collection." *Id.* A plaintiff's "bare allegation that [defendants'] acts were 'willful, deliberate and malicious' without a recitation of facts tending to show such malice, is merely conclusory and thus is insufficient to support [a] complaint." *Id.*

1  In support of the cause of action for invasion of privacy, the Complaint alleges that
2  "Defendants willfully and intentionally intruded into Plaintiffs' solitude, seclusion and private
3  affairs by repeatedly and unlawfully attempting to collect a debt;" that "Defendants' intrusions
4  would be highly offensive to a reasonable person and did in fact offend Plaintiffs;" and that
5  "Defendants acted with oppression, fraud or malice." *Complaint,* ¶¶ 88-91.  The Complaint,
6  however, does not allege with any specificity the conduct by Client Services that constituted
7  a serious invasion of Plaintiffs' privacy, or how Client Services acted with oppression, fraud
8  or malice.  The Complaint does not allege the content of Client Services' alleged
9  communications, or the frequency or dates of the alleged communications that give rise to the
10 invasion of privacy claim.  The allegations supporting the claim for invasion of privacy are
11 conclusory.  In failing to provide detail with respect to Client Services' specific conduct
12 underlying the claim for invasion of privacy, the Complaint fails to provide fair notice of the
13 grounds on which Plaintiffs' invasion of privacy claim rests.  The Court concludes that the
14 Complaint fails to state a claim for invasion of privacy against Client Services because the
15 Complaint fails to allege sufficient facts to support that Client Services' conduct constituted
16 a serious invasion of Plaintiffs' privacy, or that Client Services acted with oppression, fraud
17 or malice.  The claim for invasion of privacy against Client Services is dismissed.  In light of
18 the Court's dismissal of the claim for invasion of privacy against Client Services, the Court
19 concludes that Plaintiffs are not entitled to recover punitive damages from Client Services for
20 invasion of privacy.

21     E.    <u>Leave to Amend</u>

22 If Plaintiffs wish to file an amended complaint, Plaintiffs may file a motion for leave
23 to file a first amended complaint, which attaches a copy of the proposed first amended
24 complaint.

25 ///
26 ///
27 ///
28 ///

**Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 14) is **DENIED** with respect to the first claim for violation of the Fair Debt Collection Practices Act and the second claim for violation of the Rosenthal Fair Debt Collection Practices Act; and **GRANTED** with respect to the third claim against Defendant Client Services, Inc. for invasion of privacy. The third claim for invasion of privacy against Defendant Client Services, Inc. is **DISMISSED.**

DATED: June 4, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge